UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-CV-14414-MIDDLEBROOKS

MARCIA PEARSON,

      Plaintiff,

v.

SUNU KOSHY, Postmaster,
United States Postal Service,

      Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court upon the Report and Recommendation ("Reports") issued by Magistrate Judge Shaniek Mills Maynard on January 28, 2026. (DE 13). Plaintiff has filed no objections, and the deadline to do so has passed.

Plaintiff commenced this action on November 19, 2025, alleging mismanagement of a USPS mail forwarding service leading Plaintiff to not receive her mail, including mail with payments. (DE 1). On November 20, 2025, Judge Maynard found Plaintiff ineligible to proceed *in forma pauperis* and required Plaintiff to pay the Court's filing fee by December 12, 2025. (DE 7; DE 13 at 2). Plaintiff was cautioned that failure to comply with the Order "**may result in this action being dismissed without further notice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with court orders.**" (DE 7). Despite Judge Maynard's *sua sponte* extension of that December deadline to January 5, 2026, no proof of timely payment of the filing fee or any other affirmative action by the Plaintiff has appeared in the court record. (DE 10).

Judge Maynard consequently filed a Report recommending that Plaintiff's action be dismissed without prejudice. (DE 13). The Eleventh Circuit has made clear that a district court may *sua sponte* dismiss a case for lack of prosecution based on its own "inherent power to manage its docket." *Betty K. Agencies, Ltd. V. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). Judge Maynard notes that "because there is no clear record of delay or contumacious conduct, dismissal without prejudice for failure to prosecute is the appropriate course." (DE 13 at 3). Upon review of the record and the applicable law, I agree. *See Morewitz v. West of England Ship Owners Mut. Prot. And Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995) (noting that dismissal with prejudice for failure to prosecute "can be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff").

Upon *de novo* review of the Report, and the record as a whole, it is **ORDERED** that:

(1) Magistrate Judge Shaniek Mills Maynard's Report and Recommendation (DE 13) is hereby **ADOPTED**.

(2) Plaintiff's Complaint (DE 1) is **DISMISSED** without prejudice for Plaintiff's failure to prosecute and failure to comply with court orders.

(3) The Clerk of the Court is directed to **CLOSE THIS CASE** and **DENY AS MOOT** all pending motions.

**SIGNED** in Chambers in West Palm Beach, Florida, this ___ day of March, 2026.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc.

Counsel of Record

Marcia Pearson, *pro se*
10669 SW Morning Glory Drive
Port St. Lucie, FL 34987